Rx Date/Time    JUL-17-2007(TUE) 15:59    910 905 7255    P.002

## CITATION
### (TO BE SERVED PURSUANT TO THE LOUISIANA LONG-ARM STATUTE)

**CHALIN D PEREZ**

*Versus*

**GEORGE R MACDONALD**



Case: 00054878
Division: B
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

TO: GEORGE R MACDONALD

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filling a pleading or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within thirty (30) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 06, 2007.*

Req. By:
TROY CHARPENTIER
(225)387 0999

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____

Service    $_____

Mileage    $_____          By: _____
                                        *Deputy Sheriff*

Total      $_____



EXHIBIT
A

[ RETURN COPY ]

25TH JUDICIAL DISTRICT COURT

PARISH OF PLAQUEMINESS

STATE OF LOUISIANA

CHALYN D. PEREZ

V.

GEORGE R. MACDONALD AND
COLORADO RESOURCE
MANAGEMENT, INC.

DOCKET NO. 5A-878 **FILED**

DIV. B

JUL - 6 2007

/s/ BECKY H. KALISZESKI

DY. CLERK

JUDGE: _____

## PETITION FOR DAMAGAGES ARISING FROM BREACH OF CONTRACT

**NOW INTO COURT** comes Chalyn D. Perez, an individual of the age of majority, domiciled and residing in the Parish of Plaquemines, State of Louisiana, who respectfully represents as follows:

1.

Made defendants herein are: 1.) George R. MacDonald, an individual of the age of majority, domiciled in the State of Colorado and 2.) Colorado Resource Management, Inc. a Colorado corporation licensed to do and doing business in the State of Louisiana.

2.

George R. MacDonald is the majority shareholder in Colorado Resource Management, Inc.

3.

Petitioner reached an agreement with MacDonald in March 2006 to invest a total sum of $600,000 in Colorado Resource Management, Inc. and a limited liability company to be formed by Petitioner and MacDonald for the purpose of engaging in demolition and other services in the State of Louisiana.

4.

Petitioner borrowed the sum of $600,000 from Whitney National Bank, N.A. in order to fund the investment which he agreed to make. $550,000 of the loan proceeds were invested in Colorado Resource Management, Inc. pursuant to a shareholder's

1175950_1.DOC

agreement executed by Petitioner and MacDonald on the 30th day of March, 2006. The remaining $50,000 of the loan proceeds were contributed as capital to the newly formed Coastal Resource Management, LLC pursuant to an operating agreement signed by Petitioner and MacDonald on the 30th day of March, 2006.

5.

The Shareholder's Agreement entered between Petitioner and MacDonald provided as follows:

> "(a) The Shareholders agree that the Corporation shall pay a dividend, payable annually on the anniversary of the date hereof, in accordance with the Corporation's Articles of Incorporation and this Agreement.
>
> (b) The annual dividend shall be equal to an amount decided by the Shareholders out of the surplus of the Corporation, which amount shall be at least $400.00 per share of Stock owned (the "Dividend") per year. The Dividend shall be payable to the Shares as follows: (i) first, to any Shares which are held by Perez, and (ii) second, to any Shares which are held by MacDonald. This article will remain in effect until a time when the Whitney Loan is paid in full, at which time the issue will be addressed.
>
> (c) Other than as set forth in (d) below, if, in any given year, the Corporation does not have enough surplus funds to pay the Dividend to Perez and MacDonald, then any amounts not paid shall accumulate and be carried forward to subsequent years, and shall earn interest at a rate equal to the prime rate listed for JP Morgan Chase Bank, N.A. as quoted in the Wall Street Journal on the date such Dividend was due to be paid.
>
> (d) Notwithstanding subsection (c) above, if, in any given year, the Corporation does not have enough surplus funds to pay the Dividend to Perez, then Perez can require MacDonald to repurchase the Perez Shares on a date set forth by Perez (the "Repurchase Date") for an amount equal to the Whitney Loan plus interest from the date hereof until the Repurchase Date at a rate equal to the prime rate listed for JPMorgan Chase Bank, N.A., as quoted in the Wall Street Journal on the date such Dividend was due to be paid."

6.

Colorado Resource Management did not pay the annual dividend due under Section 1 (a) of the Shareholder's Agreement. Upon its failure to do so, Petitioner exercised the option provided by Section 1 (d) of the Shareholder's Agreement and notified MacDonald via correspondence dated April 18, 2007 of his desire that MacDonald repurchase his shares. Under Section 1 (d) of the Shareholder's Agreement

MacDonald became obligated to repurchase Perez's shares in Colorado Resource Management, Inc. for the sum of $550,000 plus interest at the prime rate listed for JPMorgan Chase Bank, N.A. MacDonald has failed to pay that sum.

7.

MacDonald's failure to pay the sum owed as required by the Shareholder's Agreement is a breach of the terms of that agreement and entitles Petitioner to receive interest at the judicial rate from the date of breach until paid.

8.

The Shareholder's Agreement executed by Petitioner and MacDonald further provides that Petitioner shall be entitled to recover attorneys' fees and court costs which he must pay in order to enforce the provisions of the Shareholder's Agreement.

9.

The Operating Agreement of Coastal Resource Management, LLC which was executed by Petitioner and MacDonald provides as follows:

"8.1     Annual Dividend.  The members agree that the Company shall pay a dividend, payable annually on the anniversary of the date hereof, in accordance with this Article VIII.

8.2     Amount Due to Each Member.  The annual dividend shall be equal to an amount decided by the members out of the surplus of the Company, which amount shall be at least $20,000 per year in the case of Chalyn D. Perez ("Perez") and $46,66.67 per year in the case of George R. MacDonald ("MacDonald") (collectively, the "Dividend").  The Dividend shall be payable as follows: (i) first, Perez shall receive his portion, and (ii) second, MacDonald shall receive his portion.

8.3     No Surplus.  Other than as set forth in 8.4 below, if, in any given year, the Company does not have enough surplus funds to pay the Dividend to Perez and MacDonald, then any amounts not paid shall accumulate and be carried over to subsequent years, and shall earn interest at a rate equal to

the prime rate listed for JPMorgan Chase Bank, N.A. as quoted in the Wall Street Journal on the date such Dividend was due to be paid.

8.4    <u>Failure to Pay Perez.</u>  Notwithstanding Section 8.3 above, if, in any given year, the Company does not have enough surplus funds to pay the Dividend to Perez, then Perez can require MacDonald to repurchase Perez's interest on a date set forth by Perez, (the "Repurchase Date") for an amount equal to $50,000 plus interest from the date hereof until the Repurchase Date at a rate equal to the prime rate listed for JPMorgan Chase Bank, N.A. as quoted in the Wall Street Journal on the date such Dividend was due to be paid."

10.

Coastal did not pay the dividend required by Article 8.1 and 8.2 of the Operating Agreement.  Following its failure to do so, Petitioner exercised the option provided by Article 8.4 and demanded that MacDonald repurchase his interest for an amount equal to $50,000 plus interest from the date of execution of the Operating Agreement until the repurchase date of April 18, 2007.  MacDonald has refused to comply with his obligation to repurchase the shares as provided for in the Operating Agreement.

11.

MacDonald's breach of the operating agreement entitles Petitioner to recover the amount owed plus judicial interest from the date of breach until paid.

12.

Petitioner entered into an employment agreement with Colorado Resource Management, Inc. on the 30th day of March 2006.  Colorado Resource Management, Inc. has failed to make the payments owed under that employment agreement since November 24, 2006.  The total owed under the terms of the employment agreement by Colorado Resource Management, Inc. to Petitioner as of the date of filing of this petition is $40,384.68.

13.

Petitioner agreed to allow MacDonald to utilize an apartment located in Orleans Parish in return for payment of rent in the amount of $1,750.00 per month. MacDonald has failed to pay the rent owed for the months of April and May 2007.

**WHEREFORE,** Petitioner, Chalyn D. Perez, prays that defendants, George R. MacDonald and Colorado Resource Management, Inc. be cited and served with a copy of this petition and that after due proceedings, there be judgment in his favor and against defendants for all sums owed under the premises described above plus attorneys' fees, court costs and interest from date of breach until paid.

RESPECTFULLY SUBMITTED:

Troy J. Charpentier (Bar Roll #20745)
Kean Miller Hawthorne
D'Armond McCowan & Jarman, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

**SERVICE INFORMATION:**
Please contact Chalyn Perez at 504-452-0674
for service information on: George R. MacDonald
and Colorado Resource Management, Inc.

1175950_1.DOC

## VERIFICATION

STATE OF LOUISIANA

PARISH OF PLAQUEMINESS

**FILED**

JUL - 6 2007

/s/ BECKY H. KALISZESKI
DT. CLERK

BEFORE ME, the undersigned Notary Public for the State of Louisiana, personally came and appeared:

### CHALYN D. PEREZ,

who, after being duly sworn, did depose and state that:

1.

He is the petitioner in the foregoing suit.

2.

That he has read the petition filed herein and that all of the allegations of facts contained therein are true and correct to the best of his belief and knowledge.

In testimony whereof appearer has sworn to and subscribed, before me, this 6 th day of ___July___, 2007, before the below competent witnesses.

WITNESSES:

_____          _____
                                           Chalyn D. Perez


_____
          NOTARY PUBLIC
Commission expires _upon death_
Michael S. Brandner, Jr
La. Bar No. 27973

OFFICIAL SEAL
MICHAEL BRANDNER, JR.
LA. BAR ROLL NO. 27979
JEFFERSON PARISH, LOUISIANA
COMMISSION ISSUED FOR LIFE.

1175P50_1.DOC